UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| EUGENE DANIEL LUCAS, | : | CIVIL NO: 3:12-CV-02599 |
| --- | --- | --- |
| Petitioner | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Respondent | : | |

# **REPORT AND RECOMMENDATION**

The petitioner, Eugene Daniel Lucas, has filed a petition for a writ of habeas corpus challenging a September 2010 conviction from the Court of Common Pleas of Pike County, Pennsylvania for which he was sentenced to 72 hours to six months imprisonment.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, we review the petition to determine whether it plainly appears from the petition that the petitioner is not entitled to relief. It plainly appears from the petition that the petitioner is not in custody, and, therefore, this court does not have jurisdiction to decide his petition for a writ of habeas corpus.

28 U.S.C. § 2254 "confers jurisdiction on United States district courts to entertain petitions for habeas corpus relief only from persons who are 'in custody'

in violation of the Constitution or laws or treaties of the United States." *Young v. Vaughn*, 83 F.3d 72, 73 (3d Cir. 1996). "The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). The United States Supreme Court has interpreted the "in custody" language of § 2254 "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A habeas petitioner is "in custody" whenever a restraint on his liberty is either actual or imminent. *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 161 (3d Cir. 1997). The "in custody" requirement has been broadened so that it is no longer limited to incarceration. *Id.* at 160. *See also Justices of the Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 301 (1984)(pretrial release on personal recognizance constitutes custody); *Hensley v. Municipal Court*, 411 U.S. 345, 349-51 (1973)(release on personal recognizance pending execution of sentence constitutes custody); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963)(parole constitutes custody); *Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1988)(probation constitutes custody). The Court has "never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed."

*Maleng, supra*, 490 U.S. at 491 (emphasis in original). The custody "requirement 'is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.'" *Barry, supra*, 128 F.3d at 159 (quoting *Hensley, supra*, 411 U.S. at 351). Although collateral consequences of a conviction may prevent a case from becoming moot if the petitioner is released from custody after he filed his petition, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng, supra,* 490 U.S. at 492.

Lucas does not assert anywhere in his petition that he is in custody, and the address that he provides appears to be a residential address. Moreover, he was sentenced to 72 hours to six months imprisonment, and that sentence was imposed in 2010. Based on these facts, it plainly appears that Lucas is not "in custody." Therefore, the court lacks jurisdiction to entertain his petition for a writ of habeas corpus.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed for lack of jurisdiction.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of January, 2013.

                                          S/*Susan E. Schwab*
                                          Susan E. Schwab
                                          United States Magistrate Judge